**BLANK ROME LLP**
A Pennsylvania LLP
NICHOLAS C. HARBIST
DAVID C. KISTLER
New Jersey Resident Partners
JARET N. GRONCZEWSKI
301 Carnegie Center, 3d Floor
Princeton, NJ 08540
Tel: 609-750-7700
Fax: 609-750-7701

**WELLBORN, WALLACE & WOODARD, LLC**
KELLY O. WALLACE (to be admitted pro hac vice)
JAMIE WOODARD (to be admitted pro hac vice)
PAUL F. WELLBORN, III (to be admitted pro hac vice)
1175 Peachtree St., NE
100 Colony Square, Suite 300
Atlanta, Georgia 30361
Tel: (404) 815-9595
Fax: (404) 815-9957

Attorneys for Plaintiff Delta Air Lines, Inc.

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DELTA AIR LINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| FLY TECH, LLC d/b/a | ) | |
| TRIPTKT.COM a/k/a FLYAIRS.COM | ) | |
| a/k/a 1800CHEAPAIRTICKETS.COM; | ) | |
| ROHIT SHARMA; | ) | |
| WEBFLYTS, LLC | ) | |
| a/k/a WEBFLYTS.COM; | ) | |
| ANUPAM SATYASHEEL; | ) | **JURY TRIAL DEMANDED** |
| RAJ SHARMA; KAVITA SHARMA; | ) | |
| GOLDENDUST USA LTD. a/k/a | ) | |
| ZUCCHI TRAVEL a/k/a | ) | |
| EASYFLIGHTDEALS.COM; | ) | |
| NEERU SINGH ADHIKARI; | ) | |

1

P. K. RAMACHANDRAN;                    )
EXPLORER TRAVEL CONSULTANTS,           )
INC. d/b/a TRIPOSAVER.COM;             )
HIREN TRIVEDI; HARSH VYAS;             )
and JOHN DOES 1-5,                     )
                                       )
      Defendants.                     )

## COMPLAINT FOR INJUNCTION AND DAMAGES

Delta Air Lines, Inc. ("Delta" or "Plaintiff") files this Complaint for Injunction and Damages ("Complaint") against Defendants Fly Tech, LLC d/b/a Triptkt.com a/k/a Flyairs.com a/k/a 1800CheapAirTickets.com, Rohit Sharma, WebFlyts, LLC, Anupam Satyasheel, Raj Sharma, Kavita Sharma, Goldendust USA Ltd. a/k/a Zucchi Travel a/k/a EasyFlightDeals.com, Neeru Singh Adhihari, P. K. Ramachandran, Explorer Travel Consultants, Inc. d/b/a Triposaver.com, Hiren Trivedi, Harsh Vyas, and and John Does 1-5 (individually and collectively, "Defendants"), whose intentional trademark counterfeiting, infringement, conspiracy, fraud, and other wrongful acts, individually and in combination, have caused and continue to cause substantial and irreparable harm to Delta.  Delta shows as follows:

### *Overview of Defendants' Wrongful Acts*

1.     Defendants are the architects of and participants in a fraudulent and intentional scheme designed to harm the business reputation of Delta, diminish the value of the DELTA and DELTA AIR LINES marks, and to defraud innocent retail customers who erroneously believe that the Defendants are Delta or are acting on behalf of or in conjunction with Delta.

2.     Defendants have intentionally structured their Internet websites and advertising to illegally and improperly make use of Delta's name and trademarks.

3.     The purpose of these websites is to place highly in the search results which include the Delta name and/or Delta Marks on various Internet search engines.

4.     Consumers initiate contact with Defendants via these web sites and/or the toll-free telephone numbers displayed thereon, believing that they are actually contacting Delta to purchase new tickets and/or modify existing reservations.

5.     Defendants compound their intentional infringement of the Delta Marks by referring to themselves as "Delta Air Lines" in telephone communications with customers who call the Defendants' toll-free telephone numbers.

6.     Defendants have also intentionally engaged in an extensive scheme by which they have simultaneously defrauded both Delta and Delta's customers for their own financial benefit.

7.     Specifically, Defendants have, on numerous occasions beginning in 2015, been contacted by customers of Delta (the "Passengers") who – believing that they were actually contacting Delta directly – wished to cancel or change their existing reservations with Delta.

8.     Defendants have – while purporting to be Delta or authorized agents acting on behalf of Delta – charged the Passengers a fee to make the requested changes.

9.     Defendants then contacted Delta directly claiming to be the Passengers and fabricated a story involving the death of an immediate family member or medical emergency and requesting the reservation change on behalf of the Passenger.

10.     Defendants directly paid the actual change fees charged by Delta, which were always substantially less than the fees charged by Defendants to the Passengers.

11.     Delta has not authorized any Defendant to use in any way its name or marks in this manner.  Delta is not affiliated with any Defendant.

12.     Further, Defendants have committed actual fraud against Delta and Delta's customers by means of an intentional and bad faith scheme to abuse Delta's policies and

programs for passengers who are travelling (or changing existing reservations) due to the death of family members and medical emergencies.

13.     Defendants' illegal acts have caused and are causing irreparable harm to Delta.

14.     Delta now brings this action to prevent the further misappropriation of its name, marks, and other intellectual property by Defendants; to cause Defendants to cease and desist from further defrauding consumers; to halt Defendant's intentional and bad-faith fraud against Delta and Delta customers; and to recover damages arising from Defendants' willful and bad faith actions and other wrongful acts.

<u>**JURISDICTIONAL ALLEGATIONS**</u>

<u>***Plaintiff***</u>

15.     Delta is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1030 Delta Boulevard, Atlanta, Georgia 30320.  Delta has been and is engaged in substantial business activities within this judicial district.

<u>***Defendants***</u>

16.     Defendant Fly Tech, LLC d/b/a Triptkt.Com a/k/a Flyairs.com a/k/a 1800CheapAirTickets.com ("Fly Tech") is a limited liability company organized under the laws of the State of New Jersey with its principal place of business in Jersey City, New Jersey.  It may be served at its principal place of business at 178 Tonnele Avenue, Jersey City, New Jersey, 07306.

17.     Defendant Rohit Sharma is an individual and, upon information and belief, a resident of Jersey City, New Jersey.  He is an officer, director, owner, and/or manager of Defendant Fly Tech.  He may be served at the offices of Fly Tech or wherever he may be found.

18.     Defendant WebFlyts, LLC a/k/a WebFlyts.com ("WebFlyts") is a limited liability company organized under the laws of the State of New Jersey with its principal place of business in Jersey City, New Jersey.  It may be served at its principal place of business at 105 Greene Street #1202, Jersey City, New Jersey 07302.

19.     Defendant Anupam Satyasheel is an individual and, upon information and belief, a resident of Jersey City, New Jersey.  He is an officer, director, owner, and/or manager of Defendant WebFlyts.  He may be served at the offices of WebFlyts or wherever he may be found.

20.     Defendant Raj Sharma is an individual and, upon information and belief, a resident of Jersey City, New Jersey.  He is an officer, director, owner, and/or manager of Defendant WebFlyts.  He may be served at the offices of WebFlyts or wherever he may be found.

21.     Defendant Kavita Sharma is an individual and, upon information and belief, a resident of Jersey City, New Jersey.  She is an officer, director, owner, and/or manager of Defendant WebFlyts.  She may be served at the offices of WebFlyts or wherever she may be found.

22.     Defendant Goldendust USA Ltd. a/k/a Zucchi Travel a/k/a EasyFlightDeals.com ("EFD") is corporation organized under the laws of the State of New Jersey with its principal place of business at 3240 East State Street, Trenton, New Jersey 08619.

23.     Defendant Neeru Singh Adhikari is an individual and, upon information and belief, a resident of Trenton, New Jersey.  He is an officer, director, owner, and/or manager of Defendant EFD.  He may be served at the offices of EFD or wherever he may be found.

24.     Defendant P. K. Ramachandran is an individual and, upon information and belief, a resident of Trenton, New Jersey.  He is an officer, director, owner, and/or manager of Defendant EFD.  He may be served at the offices of EFD or wherever he may be found.

25.     Defendant Explorer Travel Consultants, Inc. d/b/a Triposaver.com ("Triposaver") is corporation organized under the laws of the State of New York with its principal place of business at 50 Mount Prospect Avenue, Clifton, New Jersey 07013.

26.     Defendant Hiren Trivedi is an individual and, upon information and belief, a resident of Clifton, New Jersey.  Upon information and belief he is an officer, director, owner, and/or manager of Defendant Triposaver.  He may be served at the offices of Triposaver or wherever he may be found.

27.     Defendant Harsh Vyas is an individual and, upon information and belief, a resident of Perrysburg, Ohio.  Upon information and belief, he is an officer, director, owner, and/or manager of Defendant Triposaver.  He may be served at the offices of Triposaver or wherever he may be found.

28.     Defendants John Does 1-5 are as-yet-unidentified principals, agents, officers, directors, managers, employees, and alter-egos of the defendants identified herein.

### *Personal Jurisdiction*

29.     Defendant Fly Tech is a New Jersey limited liability company with its principal place of business in Jersey City, New Jersey.  Personal jurisdiction over Defendant Fly Tech is proper in this judicial district.

30.     Defendant Rohit Sharma is a resident of the State of New Jersey and an officer, director, manager, and/or owner of Defendant Fly Tech.  Personal jurisdiction over Defendant Rohit Sharma is proper in this judicial district.

31.     Defendant Webflyts is a New Jersey limited liability company with its principal place of business in Jersey City, New Jersey.  Personal jurisdiction over Defendant WebFlyts is proper in this judicial district.

32.     Defendant Anupam Satyasheel is, upon information and belief, a resident of the State of New Jersey and an officer, director, manager, and/or owner of Defendant WebFlyts.  Personal jurisdiction over Defendant Anupam Satyasheel is proper in this judicial district.

33.     Defendant Raj Sharma is, upon information and belief, a resident of the State of New Jersey and an officer, director, manager, and/or owner of Defendant WebFlyts.  Personal jurisdiction over Defendant Raj Sharma is proper in this judicial district.

34.     Defendant Kavita Sharma is, upon information and belief, a resident of the State of New Jersey and an officer, director, manager, and/or owner of Defendant WebFlyts.  Personal jurisdiction over Defendant Kavita Sharma is proper in this judicial district.

35.     Defendant EFD is a New Jersey corporation with its principal place of business in Trenton, New Jersey.  Personal jurisdiction over Defendant EFD is proper in this judicial district.

36.     Defendant Neeru Singh Adhikari is, upon information and belief, a resident of the State of New Jersey and an officer, director, manager, and/or owner of Defendant EFD.  Personal jurisdiction over Defendant Neeru Singh Adhikari is proper in this judicial district.

37.     Defendant P. K. Ramachandran is, upon information and belief, a resident of the State of New Jersey and an officer, director, manager, and/or owner of Defendant EFD.  Personal jurisdiction over Defendant P. K. Ramachandran is proper in this judicial district.

38.     Defendant Triposaver is a New York corporation which is registered in and has its principal place of business in Clifton, New Jersey.  Personal jurisdiction over Defendant Triposaver is proper in this judicial district.

39.     Defendant Hiren Trivedi is, upon information and belief, a resident of the State of New Jersey and an officer, director, manager, and/or owner of Defendant Triposaver.  Personal jurisdiction over Defendant Hiren Trivedi is proper in this judicial district.

40.     Defendant Harsh Vyas is, upon information and belief, a resident of the State of Ohio and an officer, director, manager, and/or owner of Defendant Triposaver.  Personal jurisdiction over Defendant Harsh Vyas is proper pursuant to New Jersey's long-arm statute, which is coextensive with the due process requirements of the United States Constitution.  *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 94 (3rd Cir. 2004).

### *Subject Matter Jurisdiction and Venue*

41.     This Court has subject matter jurisdiction over all claims presented in this Complaint.

42.     Specifically, this Court has subject matter jurisdiction over the Federal Claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1338(a) (original jurisdiction in trademark cases); and 15 U.S.C. § 1114 *et seq.* (the Lanham Act).

43.     This Court has supplemental jurisdiction over the claims in this Complaint that arise under the laws of the State of New Jersey pursuant to 28 U.S.C. § 1367 (a) because the state law claims are so related to the federal claims that they form a part of the same case or controversy and derive from a common nucleus of operative facts.  Jurisdiction over Delta's state law claims also exists pursuant to 28 U.S.C. § 1338(b) (cases involving unfair competition claims).

44.     Venue is proper in this judicial district.  Upon information and belief, all of the Defendants (with the exception of Defendant Harsh Vyas) are residents of the State of New

Jersey, and all of them reside in this judicial district.  Accordingly, venue is proper pursuant to

28 U.S.C. § 1391(b)(1).

45.     Defendant Harsh Vyas is an owner, manager, officer, and/or director of Defendant

Tripovisor and directed, ratified, or otherwise personally participated in those actions of

Defendant Tripovisor which gave rise to a substantial part of the events giving rise to the claims

articulated herein and which occurred in this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

46.     Delta is one of the world's largest commercial airlines, generating over 36 billion

dollars in annual revenue and offering service to more destinations than any other global airline,

with carrier service to roughly 325 destinations in almost 60 countries on six continents.  Delta

serves more than 160 million customers each year and offers more than 15,000 daily flights

worldwide.  Through Delta's long and successful efforts, its DELTA Mark and Delta's other

registered marks, which are listed below, have earned extensive goodwill, favorable recognition,

and a worldwide reputation for high-quality products and services.  Delta was named 2014

Airline of the Year by Air Transport World magazine and was named to FORTUNE magazine's

204 list of the 50 Most Admired Companies.

47.     Delta offers and sells its goods and services under and in conjunction with, among

others, the following DELTA-related trademark and service mark registrations in the United

States:

| Reg. No. | Mark | Registration Date |
|----------|------|-------------------|
| 0523611 | DELTA AIR LINES | April 4, 1950 |
| 0654915 | DELTA | November 19, 1957 |
| 0802405 | DELTAMATIC | January 18, 1966 |
| 0963228 | DELTA AIR LINES (IN OVAL LOGO) | July 3, 1973 |
| 0970418 | DELTA AIR LINES | October 9, 1973 |
| 1428763 | DELTA CONNECTION | February 10, 1987 |
| 1703774 | DELTA SHUTTLE | July 28, 1992 |

| | | |
|---|---|---|
| 1733703 | DELTA CENTER | November 17, 1992 |
| 1740294 | DELTA CENTER (WITH WIDGET LOGO) | December 15, 1992 |
| 2058985 | DELTA & 1960 AIRCRAFT DESIGN | May 6, 1997 |
| 2408003 | DELTA VACATIONS | November 28, 2000 |
| 2662451 | DELTA AIRELITE | December 17, 2002 |
| 2980826 | DELTA CONNECTION | August 2, 2005 |
| 3890727 | DELTA SKY CLUB | December 14, 2010 |
| 3994004 | DELTA ASSIST | July 12, 2011 |

48.   Delta offers and sells its goods and services under and in conjunction with, among others, the following WIDGET LOGO-related trademark and service mark registrations in the United States:

| Reg. No. | Mark | Registration Date |
|---|---|---|
| 0704103 | WIDGET LOGO | September 6, 1960 |
| 1143697 | WIDGET (OPEN) | December 16, 1980 |
| 2556013 | WIDGET LOGO | April 2, 2002 |

49.   Delta offers and sells its goods and services under and in conjunction with, among others, the following SKYTEAM-related trademark and service mark registrations in the United States:

| Reg. No. | Mark | Registration Date |
|---|---|---|
| 2750730 | SKYTEAM | August 12, 2003 |
| 2684264 | SKYTEAM & DEVICE | February 4, 2003 |

50.   These registrations, which issued on the Principal Register, are in full force and effect.  The majority of these registrations, specifically including the DELTA, WIDGET LOGO, and SKYTEAM Marks, have since acquired "incontestable" registration status.

51.   The DELTA Marks serve as unique and famous source identifiers for Delta and its various goods and services, including air transportation and other travel-related services.

52.   Delta has invested billions of dollars in worldwide advertising and marketing in order to build the fame, reputation, and goodwill of the Delta Marks, both in the United States and worldwide.  Delta advertises through a variety of media, including the Internet (on Delta's

own web site, as well as the web sites of authorized third-parties), television, radio, newspapers, magazines, and direct mail.

53.     Through Delta's longstanding use and promotional activities related to the Delta Marks, and due to the widespread and favorable public acceptance and recognition of those Marks, the Delta Marks have become a distinctive designation of the source of origin of Delta's goods and services.

54.     The Delta Marks have become uniquely associated with Delta and its high quality goods and services.

55.     The Delta Marks are assets of incalculable value as symbols of Delta, its high-quality goods and services, and its goodwill.

56.     By reason of Delta's extensive promotion and sale of its highly regarded goods and services, the Delta Marks have acquired valuable goodwill, recognition, and renown.  The public has come to recognize these Marks as signifying Delta.

57.     By virtue of its extensive use and promotion over the years, the Delta Marks have developed valuable distinctiveness and secondary meaning in the marketplace.  These Marks have attained a significant and lasting presence in the marketplace, causing the Marks to achieve high recognition and value among consumers.

58.     Other than Delta and its authorized affiliates, licensees, and partners, no one is permitted to use any of the Delta Marks for commercial gain.

59.     Defendants are not authorized to use any of the Delta Marks.

60.     As is detailed below, Defendants have illegally and in bad faith misappropriated for profit the venerable Delta Marks.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

61.     Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 60 hereof as if set forth in full.

62.     Defendants' unauthorized use in commerce of the DELTA, DELTA AIR LINES, and other Delta Marks on and in conjunction with their Internet web sites, and in telephone sales calls is likely to result in confusion, deception, or mistake and therefore constitutes an infringement of Delta's registered trademarks pursuant to 15 U.S.C. § 1114.

63.     Defendants have used, and are continuing to use, the DELTA, DELTA AIR LINES, and other Delta Marks with full knowledge of Plaintiff's prior and extensive rights in the marks and with an intent and purpose to trade upon the goodwill of Plaintiff's DELTA, DELTA AIR LINES and other Delta Marks.  The Defendants' infringement is therefore intentional, willful, and deliberate.

64.     As a result of Defendants' acts, Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

## COUNT II
## FEDERAL TRADEMARK COUNTERFEITING

65.     Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 60 hereof as if set forth in full.

66.     Defendants, without authorization from Delta, have used an dare continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Delta Marks.

12

67.     Defendants had and continue to have the right and ability to supervise the infringing activities and have a direct financial interest in such activities.

68.     Defendants, jointly and severally, are contributorily and vicariously liable for the infringing activities.

69.     Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

70.     Defendants' use of the Delta Marks is intended to cause, has caused, and is likely to continue to cause confusion or mistake, or to deceive consumers and the public into believing that Defendants' services are genuine, authentic, official, or authorized services provided by Delta.

71.     Defendants have acted with full knowledge of Delta's ownership of the Delta Marks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Delta Marks.

72.     Defendants' acts constitute trademark counterfeiting in violation of Delta's rights pursuant to 15 U.S.C. §§ 1114, 1116(d), and 1117.

73.     As a result of Defendants' acts, Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

<u>**COUNT III**</u>
<u>**(FEDERAL UNFAIR COMPETITION)**</u>

74.     Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 60 hereof as if set forth in full.

13

75.     Defendants have and are engaged in acts of unfair competition through the use of false designations of origin and false advertising in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).

76.     Defendants have used and are using without authorization the Delta Marks.

77.     Defendants have made and are making false express and implied representations that they are Delta, and/or that the services offered by Defendants originate with, are associated with, and/or are endorsed or allowed by Delta in such a manner as to create a likelihood of confusion among consumers, thereby inducing the belief that, contrary to fact, Defendants' products and services are sponsored by, approved by, or otherwise endorsed by Delta.

78.     Defendants' unauthorized use in commerce of the Delta Marks constitutes a false designation of origin and false or misleading representation of fact that is likely to confuse or deceive consumers, or cause consumers to believe mistakenly that Defendants and/or their products and services are offered by Delta, or are otherwise affiliated, connected, or associated with, or sponsored or approved by Delta.

79.     Defendants' unauthorized use in commerce of the Delta Marks in connection with Defendants' marketing, distribution, promotion, and sale to the consuming public of services and goods (specifically travel-related goods and services) constitutes a misappropriation of the distinguishing and identifying features that Delta created through substantial effort and expense.

80.     Defendants' actions constitute violations of 15 U.S.C. § 1125(a) in that such false designation and representations of origin and quality are used on or in connection with the services and products that Defendants cause to enter into or to affect interstate commerce.

81.     Defendants have used and are continuing to use the Delta Marks with full knowledge of Delta's extensive and longstanding rights in those Marks and therefore with an intent and bad faith purpose to trade upon the goodwill of those Marks.

82.     Defendants' infringement is willful and deliberate.

83.     Defendants' unauthorized use in commerce of the Delta Marks constitutes unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

84.     Defendants' acts have irreparably damaged, impaired, and diluted Delta's goodwill and good name.  Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

## COUNT IV
## CONTRIBUTORY TRADEMARK INFRINGEMENT

85.     Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 60 hereof as if set forth in full.

86.     Delta has alleged and shown herein direct trademark infringement by Defendants. In addition to such direct infringement by any particular Defendant, every other Defendant is likewise culpable and liable to Delta for contributory trademark infringement.

87.     In relation to the direct infringement and other related violations by each particular Defendant, every other Defendant has willfully, knowingly, intentionally, and in bad faith participated in, aided, abetted, enabled, encouraged, ratified, profited from, induced, known of, conspired to carry out, and otherwise contributed to the direct infringement.

88.     Defendants' activities complained of herein constitute contributory infringement pursuant to 15 U.S.C. § 1114 *et seq.*

89.     As a result of Defendants' contributory infringement, Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

## COUNT V
## FRAUD
## (COMMON LAW)

90.     Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 60 hereof as if set forth in full.

91.     Defendants have, on several occasions in 2015 and 2016, falsely represented to Delta that they were an existing customer of Delta and requested a ticket modification pursuant to Delta's medical and bereavement fare policy.

92.     The specific instances of fraudulent conduct against Delta are more fully described in the Declaration of Edward Alan Arnold, which is attached as Exhibit A to Delta's Motion for Preliminary Injunction.

93.     On each such occasion, Defendants knew that the passenger they were impersonating was not requesting a modification based on any actual medical emergency or death.

94.     On each such occasion, Defendants intended for Delta to rely upon their false representations and to make the ticket modification for a fee that is substantially less than the fee charged for normal ticket modifications.

95.     Delta reasonably relied upon the Defendants' above-described misrepresentations.

96.     Delta was damaged directly by the Defendants' intentional misrepresentations.

16

97.     Defendants' actions constitute fraud under the common law of the State of New Jersey.

## COUNT VI
## UNJUST ENRICHMENT

98.     Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 60 hereof as if set forth in full.

99.     Defendants have and are engaged in acts of unjust enrichment, entitling Delta to quasi-contractual relief under the laws of the State of New Jersey.

100.    Defendants have derived economic benefit from their unauthorized use of the Delta Marks.

101.    Defendants have paid no compensation to Delta for Defendants' illegal and unauthorized use of the Delta Marks.

102.    Defendants have generated revenue from existing Delta customers in the form of "change fees" and "cancellation fees" while purporting to be (or to be acting on behalf of) Delta while providing no actual services to Delta customers.

103.    As a result of their conduct, Defendants have been unjustly enriched.

104.    As a result of Defendants' acts, Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

## PRAYER FOR RELIEF

Delta prays for judgment against Defendants, and each of them, jointly and severally, that includes:

(a)   A preliminary and permanent injunction enjoining Defendants and any affiliated persons or entities (including their officers, directors, agents, employees, successors, and assigns and all others acting in knowing concert with them) from directly or indirectly:

i.   Using any of the Delta Marks or any confusingly similar mark or designation in connection with the marketing, promotion, and/or sale of travel-related goods or services;

ii.   Otherwise infringing upon any other trademark or service mark belonging to Delta;

iii.   Engaging in any other or further acts of unfair competition against Delta;

iv.   Using any trademark or trade name which will be likely to dilute the distinctive quality of any Delta Marks and/or to tarnish the business reputation of Delta;

v.   Engaging in any deceptive trade practices in the offering of goods or services under or by the use of any Delta Marks and/or any other variation or simulation of Delta's other trademarks and/or service marks; and

vi.   Engaging in any deceptive business practice in the offering of goods and/or services under or by the use of the Delta Marks and/or any other variation or simulation of Delta's trademarks;

vii.   Acting as an agent or intermediary for any person in connection with the modification or cancellation of any Delta ticket or fare;

18

(b) Special and general damages in an amount to be proved at trial, including, but not limited to: (1) all profits received by Defendants from sales and revenues of any kind made as a result of Defendants' infringing and diluting actions and all damages suffered by Delta; or (2) in the alternative, at Delta's election, statutory damages, including, but not limited to, those provided for at 15 U.S.C. § 1117;

(c) Special and general damages in an amount to be proved at trial, including, but not limited to: (1) all damages incurred by Delta resulting from Defendants' fraud and abuse of Delta's medical and bereavement fare program; and (2) all revenue unjustly earned by Defendants in connection with their fraud;

(d) Punitive and exemplary damages in an amount to be proven at trial;

(e) Reasonable attorney fees herein;

(f) Costs of suit incurred herein;

(g) An order directing Defendants to file with this Court and serve upon Delta within thirty (30) days after the entry of the order a sworn and written statement setting forth the manner, form, and details of Defendants' compliance with the other terms of the Court's order(s) and judgment herein; and

(h) Such other relief as this Court deems just and proper.

Dated: May 9, 2016

                                                  Respectfully submitted,

                                                  BLANK ROME LLP

                                            ___*/s/ Nicholas C. Harbist*_____
                                                 Nicholas C. Harbist
                                                 David C. Kistler
                                                 Jaret N. Gronczewski

                                            WELLBORN, WALLACE & WOODARD, LLC
                                            Kelly O. Wallace (to be admitted pro hac vice)
                                            Jamie Woodard (to be admitted pro hac vice)
                                            Paul F. Wellborn, III (to be admitted pro hac vice)

## <u>LOCAL RULE 11.2 CERTIFICATION</u>

Delta hereby certifies that, to its knowledge, the matter in controversy in this action is not the subject of any other pending lawsuit, arbitration, or administrative proceeding.

Respectfully submitted,

BLANK ROME LLP

   */s/ Nicholas C. Harbist*
Nicholas C. Harbist
David C. Kistler
Jaret N. Gronczewski

WELLBORN, WALLACE & WOODARD, LLC
Kelly O. Wallace (to be admitted pro hac vice)
Jamie Woodard (to be admitted pro hac vice)
Paul F. Wellborn, III (to be admitted pro hac vice)