NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DELTA AIR LINES, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>FLY TECH, LLC d/b/a TRIPTKT.COM a/k/a FLYAIRS.COM a/k/a 1800CHEAPAIRTICKETS.COM, et al.,<br><br>*Defendants*. | Civil Action No. 16-2599<br><br>OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiff Delta Air Lines, Inc.'s ("Plaintiff's" or "Delta's") motion for default judgment against Defendants Fly Tech, LLC d/b/a TRIPTKT.COM a/k/a FLYAIRS.COM a/k/a 1800CHEAPAIRTICKETS.COM ("Fly Tech"), Goldendust USA Ltd. a/k/a Zucchi Travel a/k/a EASYFLIGHTDEALS.COM ("Goldendust"), and Neeru Singh Adhikari ("Adikari" and, collectively with Fly Tech and Goldendust, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 97. For the reasons set forth below, the motion is **GRANTED** in part and **DENIED** in part.

**I.  BACKGROUND**

Plaintiff is one of the world's largest commercial airlines, with over $36 billion in annual revenue and operating in nearly 60 countries across the world. First Amended Complaint ¶ 46, ECF No. 59. Plaintiff offers and sells its goods and services under: (1) various DELTA-related registered trademarks and service marks, including, among others, DELTA AIR LINES (Reg. No. 0523611), DELTA (Reg. No. 0654915), DELTA AIR LINES (IN OVAL LOGO) (Reg. No.

1

0963228), DELTA AIR LINES (Reg. No. 0970418), DELTA CENTER (Reg. No. 1733704), and DELTA ASSIST (Reg. No. 3994004), id. ¶ 47; (2) various WIDGET LOGO-related registered trademarks and service marks, including WIDGET LOGO (Reg. No. 0704103), WIDGET (OPEN) (Reg. No. 1143697), and WIDGET LOGO (Reg. No. 2556013), id. ¶ 48; and (3) various SKYTEAM-related registered trademarks and service marks, including SKYTEAM (Reg. No. 2750730) and SKYTEAM & DEVICE (Reg. No. 2684264) (collectively with (1) and (2), the "Delta Marks"), id. ¶ 49. The Delta Marks are unique and famous source identifiers for Plaintiff, and many have acquired incontestable registration status. Id. ¶ 50-51.

Defendants operated an unauthorized and fraudulent scheme that entailed, in part, (1) placing Defendants' websites highly in Internet search results for the Delta Marks, (2) leading consumers that contacted Defendants to believe they were actually speaking with Plaintiff, e.g. "by referring to themselves as 'Delta Air Lines' in telephone communications" with those consumers, (3) charging passengers with an existing Delta reservation a fee for changing or canceling their reservations, (4) contacting Delta, claiming to be the passengers, and fabricating a story involving the death of a family member or a medical emergency, in order to take advantage of Delta's emergency cancellation policy, and (5) pocketing the fees that passengers believed they were paying to Delta. Id. ¶ 1-12.

## II.  LEGAL STANDARD

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether

the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

In addition, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

## III. ANALYSIS

### A. Jurisdiction & Service

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendants. The Court has subject matter jurisdiction by virtue of 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (original jurisdiction in trademark cases) because Plaintiff brings this civil action under 15 U.S.C. § 1114 et seq. (the Lanham Act), FAC ¶ 42, and it has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction) and 28 U.S.C. § 1338(b) (cases involving unfair competition claims).

The Court has personal jurisdiction over the Defendants because Fly Tech and Goldendust are companies organized under the laws of the State of New Jersey with principle places of business in New Jersey, and Adhikari is a resident of New Jersey. FAC ¶¶ 29, 35-36. The Defendants were all served with copies of the Complaint. See Return of Service for Fly Tech, LLC, ECF No. 22; Return of Service for Goldendust USA Ltd., ECF No. 18; Return of Service for Neeru Singh Adhikari, ECF No. 56.

**B. Liability**

As Defendants have not filed an Answer or otherwise responded to the Complaint, the Court must accept the truthfulness of Plaintiff's well-pled allegations as to liability. Comdyne I, 908 F.2d at 1149. The Court is satisfied that Plaintiff has adequately pled its claim against Defendants for federal trademark counterfeiting under 15 U.S.C. § 1114, Section § 32 of the Lanham Act.

To establish federal trademark infringement under the Lanham Act, the record must demonstrate that (1) plaintiff has a valid and legally protectable mark, (2) plaintiff owns the mark, and (3) defendant's use of the mark to identify goods or services causes a likelihood of confusion. A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198, 210 (3d Cir. 2000). The first two requirements are satisfied when a federally registered mark has become incontestable. Id.

Delta has obtained federal registration for each of the Delta Marks, and many of them, including the DELTA, WIDGET LOGO, and SKYTEAM Marks, have attained incontestable registration status. FAC ¶¶ 46-51. The Delta Marks are uniquely associated with Delta, and have acquired valuable goodwill, recognition, and renown. Id. ¶¶ 54-56. Defendants' use of the DELTA, DELTA AIR LINES, and other Delta Marks, as part of a scheme in which they posed as Delta employees and defrauded both Delta and Delta passengers, see id. ¶¶ 1-12, is likely to cause consumer confusion. See Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 195 (3d Cir. 1990) (holding that "there is a great likelihood of confusion when an infringer uses the exact trademark") (quotation omitted).

In order to prevail on counterfeiting claim, "the record must demonstrate that (1) defendants infringed a registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114(1)(a), and (2) intentionally used the trademark knowing it was counterfeit or was willfully

blind to such use." Chanel, Inc. v. Gordashevsky, 558 F.Supp.2d 532, 536 (D.N.J. 2008) (citing Playboy Enter., Inc. v. Universal Tel-A-Talk, Inc., 1998 WL 767440, at *7 (E.D. Pa. Nov. 3, 1998)).

Having determined that Defendants infringed the Delta Marks, the Court turns to the second element of Delta's counterfeiting claim. Delta has alleged that "its DELTA Mark and Delta's other registered marks . . . have earned extensive goodwill, favorable recognition, and a worldwide reputation for high quality-products and services." FAC ¶ 46. The Delta Marks are "unique and famous source identifiers for Delta . . . ." Id. at 51. Defendants' intentional use of the Delta Marks alone demonstrates at least a deliberate disregard of Delta's rights in the marks and an effort to profit from Delta's reputation and recognition, which meets the Third Circuit's standard of willfulness. Securacomm Consulting Inc. v. Securacom Inc., 166 F.3d 182, 187 (3d Cir. 1999). Delta has also alleged a pattern of conduct that demonstrates a clear intent by Defendants to use the Delta Marks in its scheme to defraud Delta customers. FAC ¶ 1-12.

Thus, Delta has sufficiently alleged that Defendants are liable for federal trademark counterfeiting under the Lanham Act.

**C. Appropriateness of Default Judgment**

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, the Defendants do not have a meritorious defense. See U.S. Small Business Admin. v. Silver Creek Const. LLC, 2014 WL 3920489 (D.N.J.), at *5. Second, the Court finds that Plaintiff will suffer prejudice absent entry of default judgment as Plaintiff will have no other means of obtaining relief. Finally, the Court finds the Defendants acted culpably as they have been served with the

5

Complaint, are not infants or otherwise incompetent, and are not individuals presently engaged in military service. See id.; see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Statutory Damages

Delta requests that the Court award $2,000,000 in statutory damages for trademark infringement and counterfeiting under the Lanham Act. Pl. Br. at 10-11, ECF No. 97. Delta asks the Court to "start with a baseline of the statutory award of $500,000.00, double it to reflect each Defendant's obvious willfulness, and then double it again for the purpose of deterrence." Id. at 10. Based on the affidavits and documentary evidence provided by Delta, the Court is unable to determine whether such an award is appropriate, and thus will deny without prejudice Delta's request for statutory damages.

The Lanham Act provides for statutory damages of not less than $1,000 or more than $200,000 per counterfeit mark per type of goods, with an increased limit of $2,000,000 for willful infringement. 15 U.S.C. § 1117(c). "In general, 'statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringer's control and is not disclosed.'" AARP v. Sycle, 981 F.Supp.2d 224, 230 (D.D.C. 2013) (quoting Microsoft Corp. v. McGee, 490 F.Supp.2d 874, 882 (S.D.Ohio 2007)). Here, Delta's request of statutory damages is appropriate since Defendants have "not responded to the Complaint or otherwise participated in litigation of this case . . . ." Lifted Research Group, Inc. v. Behdad, Inc., No. 08-90, 2010 WL 2662277, at *3 (D.D.C. June 30, 2010). Nevertheless, it is a plaintiff's responsibility to prove its entitlement to monetary damages when moving for default judgment. Comdyne I, 908 F.2d at 1149.

"Courts have substantial discretion in awarding statutory damages." Lifted Research Group, 2010 WL 2662277, at *4 (citing Microsoft Corp v. Compusource Distribs, Inc., 115 F.Supp.2d 800, 811 (E.D.Mich. 2000)). The Lanham Act "does not provide guidelines for courts to use in determining an appropriate award," Louis Vuitton Malletier & Oakley, Inc. v. Veit, 211 F.Supp.2d 567, 583 (E.D.Pa. 2002), but instead leaves it to each court's discretion to award an amount it "considers just," 15 U.S.C. § 1117(c)(2). But "[b]ecause statutory damages are meant to serve as a substitute for actual damages the Court should discern whether the requested damages 'bear some relation to the actual damages suffered.'" Coach, Inc. v. Bags & Accessories, No. 10-2555, 2011 WL 1882403, at *6 (D.N.J. May 17, 2011) (quoting Bly v. Banbury Books, Inc., 638 F.Supp. 983, 987 (E.D.Pa. 1986)). In the absence of clear guidelines, the Court has often mirrored the approach used in the copyright context, considering the following factors:

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.

Platypus Wear v. Bad Boy Club, Inc., No. 08-2662, 2009 WL 2147843, at *7 (D.N.J. July 15, 2009).

Delta seeks $2,000,000, the maximum damages permitted under the statute, but provides little support for this figure other than its evidence of Defendants' willfulness and the strength of the Delta Marks. To be sure, Delta is subject to certain hardship due to Defendants' failure to take part in this matter. Nevertheless, Delta's showing is clearly deficient.

The affidavit and documentary evidence accompanying Delta's motion for summary judgment contains only anecdotal evidence concerning the scope of Defendants' fraudulent scheme. See Arnold Decl. ¶ 23-38. It identifies only 15 passengers that were affected by

7

Defendants' scheme and monetary gains attributable to Defendants totaling just $2,878.  Id. Delta's motion contains no other affidavits or documentary evidence from which the Court can estimate either (1) the scope of Defendants' gains or (2) the relative culpability and role of each Defendant in the overall scheme.  While the Court recognizes that Delta may be unable to obtain some of this information due to Defendants' non-participation, some additional evidence, not all of which is concealed by Defendants, would prove extremely useful in determining an appropriate level of statutory damages.

The scarce record is especially glaring given that Delta requests the maximum amount of statutory damages.  In other cases where district courts have awarded the maximum penalty permitted under the statute, "there was reason to believe that the defendant's sales were substantial."  Tiffany (NJ) LLC v. Dong, No. 11-2183, 2013 WL 4046380, at *6 (S.D.N.Y. Aug. 9, 2013) (citing Gucci Am. Inc. v. Curveal Fashion, No. 09-8458, 2010 WL 308303, at *5 (S.D.N.Y. Jan 20, 2010); Nike, Inc. v. Top Brand Co., No. 00-8179, 2006 WL 2946472, at *3 (S.D.N.Y. Feb. 27, 2006); Gucci Am., Inc. v. Duty Free Apparel Ltd., 315 F.Supp.2d 511, 521-22 (S.D.N.Y. 2004)).  In Nike, for example, the court focused on evidence of "the size of the defendant's infringing operations, which led to the production of millions of infringing goods."  Nike, 2006 WL 2946472, at *2.  Similarly, in Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 501-02 (C.D.Ca. 2003), the court awarded $2,000,000 in statutory damages because the defendant willfully imported 8,000,000 counterfeit cigarettes with a corresponding street value of millions of dollars.

Conversely, such a large award is less appropriate where there is limited evidence of large-scale operations or profits.  See Sennheiser Elec. Corp. v. Bielski, No. 11-7892, 2012 WL 2006011, at *3 (C.D.Cal. June 4, 2012) ("Although Plaintiffs' exact damages cannot be determined because

of Defendant's failure to take part in the present litigation, such a steep award is clearly excessive, and does not bear a plausible relationship to Defendant's profits from infringement."); E.I. DuPont de Nemours and Co. v. Drabek, No. 12-10574, 2013 WL 4033630, at *7 (C.D.Cal. May 3, 2013) ("Plaintiff has presented no evidence regarding the extent of sales and no evidence that Defendant sold infringing products to a wide market.").

Consequently, although Plaintiff need not prove its actual damages under 15 U.S.C. § 1117(c), the Court lacks even the most basic estimates as to an appropriate amount of statutory damages. There is insufficient evidence that the scope of Defendants' operation matches that of past infringers against whom courts have imposed the maximum statutory award. And there is no clear basis to determine the relative culpability and role of each of the Defendants in the overall operation. Accordingly, in light of the limited evidence presented by Delta, the Court will hold its request for statutory damages in abeyance. If Delta still wishes to seek statutory damages pursuant to 15 U.S.C. § 1117(c), it must submit a revised motion for default judgment no later than **April 30, 2018** with a more detailed basis for these damages that reflects all available information relevant to the factors discussed above. If Defendants' intransigence prevents Delta from obtaining specific evidence that would be potentially useful, Delta must indicate how it has sought to obtain this information and why Defendants' actions have blocked its acquisition.

### E. Costs and Attorneys' Fees

Delta also asks that the total award include attorneys' fees and costs. The Lanham Act entitles a plaintiff who prevails in an action for trademark infringement, brought under 15 U.S.C. § 1125(a) or (d), or for willful infringement, pursuant to 15 U.S.C. § 1125(c), to recover the costs of the action. 15 U.S.C. § 1117(a). The Lanham Act also provides that the Court may award reasonable attorneys' fees to the prevailing party in "exceptional cases." Id. "Exceptional" has been interpreted by the Court to mean an action involving culpable conduct. Securacomm

Consulting, Inc., 224 F.3d at 280. The Court finds that Defendants' conduct in willfully infringing the Delta Marks to profit from the goodwill established by Delta, and in failing to defend against the allegations in the Complaint, involves culpable conduct. The Court will thus award both costs of the action and reasonable attorneys' fees to Delta, in an amount to be determined by the Court upon Plaintiff's motion in accordance with Local Rule 54.2.

### F. Injunctive Relief

Delta lastly asks the Court to order a permanent injunction to enjoin Defendants from infringing the Delta Marks. The Lanham Act authorizes the Court to grant an injunction to prevent violations of the Act's prohibitions on trademark infringement. See 15 U.S.C. § 1116(a). To enter a permanent injunction, the Court must find that Delta has demonstrated:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006).

The Court finds that the record presented by Delta establishes this four-factor test for injunctive relief and is thus entitled to a permanent injunction as requested. The Third Circuit has held that once a plaintiff has established that the defendant's trademark infringement creates a likelihood of confusion, as Delta has done in this case, "the inescapable conclusion is that there was also irreparable injury." Opticians Ass'n of Am., 920 F.2d at 197. A remedy at law will not be adequate to compensate Delta for the injury to its reputation, nor will it necessarily prevent future trademark infringement. Louis Vuitton Malletier, S.A. v. Mosseri, No. 07-2620, 2009 WL 3633882, at *5 (D.N.J. Oct. 28, 2009). A balancing of hardships between the parties weighs strongly in favor of entering the injunction. The injunction sought requires that Defendants abide by the law and refrain from using the Delta Marks, whereas without an injunction, Delta bears

hardship in the form of customer confusion and harm to its reputation.  The Court also agrees that Defendants' clear disregard for Delta's rights and sophisticated fraudulent scheme warrants the protection of a permanent injunction.  Finally, issuing an injunction furthers the public's interest in both the protection of trademark and in the avoidance of consumer confusion.  <u>Bill Blass, Ltd. v. SAZ Corp.</u>, 751 F.2d 152, 156 (3d Cir. 1984).

**IV.     CONCLUSION**

For the reasons set forth herein, (1) Plaintiff's request for a permanent injunction is **GRANTED**, (2) Plaintiff's request for attorneys' fees and costs is **GRANTED** in an amount to be determined by the Court upon Plaintiff's motion in accordance with Local Rule 54.2, and (3) Plaintiff's request for statutory damages under the Lanham Act is **DENIED without prejudice**. Plaintiff may file a revised motion for default judgment no later than **April 30, 2018** in accordance with this Opinion. Appropriate Orders accompany this Opinion.

**Dated: March 29, 2018**

*/s Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**United States District Judge**
