UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DELTA AIR LINES, INC.**<br><br>*Plaintiff,*<br><br>v.<br><br>**FLY TECH, LLC d/b/a TRIPTKT.COM a/k/a FLYAIRS.COM a/k/a 1800CHEAPAIRTICKETS.COM, et al,**<br><br>*Defendants.* | **Civil Action No. 16-2599**<br><br>**ORDER** |

**THIS MATTER** having come before the Court on Plaintiff Delta Air Lines, Inc.'s ("Plaintiff's" or "Delta's") motion for default judgment against Defendants Fly Tech, LLC d/b/a TRIPTKT.COM a/k/a FLYAIRS.COM a/k/a 1800CHEAPAIRTICKETS.COM ("Fly Tech"), Goldendust USA Ltd. a/k/a Zucchi Travel a/k/a EASYFLIGHTDEALS.COM ("Goldendust"), and Neeru Singh Adhikari ("Adikari" and, collectively with Fly Tech and Goldendust, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2), ECF No. 97;

and for the reasons set forth in the Court's accompanying Opinion;

**IT IS** on this 29th day of March, 2018,

**ORDERED** that the Defendants, individually and collectively, are permanently restrained and enjoined from:

(a) Using the name "Delta," any of the Delta Marks, and/or any reproduction, counterfeit, copy, or colorable imitation thereof in connection with the advertising, marketing, or provision of any sort of air transportation or travel-related services;

(b) Purchasing, using, or knowingly profiting from any Internet search engine keywords purchased from any third party that included the name "Delta," any of the Delta Marks, and/or any reproduction, counterfeit, copy, or colorable imitation thereof;

1

(c) Making any statement or representation in any medium, whether oral or written, to the effect that any Defendant was or is:

1) Affiliated with Delta;

2) An agent, partner, or contractor of Delta; and/or

3) Otherwise acting on behalf of Delta or with the authorization, approval, consent, or ratification of Delta; and

(d) Participating in, aiding, abetting, enabling, encouraging, ratifying, assisting in, profiting from, inducing, conspiring to carry out, directing, contracting for, and/or otherwise contributing to the commission of any act that would be a violation of this Order if performed or carried out by an enjoined person or entity; and it is further

**ORDERED** that "Delta Marks" means and includes the following registered marks, all of which are solely owned by Delta:

| Reg. No. | Mark | Registration Date |
|---|---|---|
| 0523611 | DELTA AIR LINES | April 4, 1950 |
| 0654915 | DELTA | November 19, 1957 |
| 0802405 | DELTAMATIC | January 18, 1966 |
| 0963228 | DELTA AIR LINES (IN OVAL LOGO) | July 3, 1973 |
| 0970418 | DELTA AIR LINES | October 9, 1973 |
| 1428763 | DELTA CONNECTION | February 10, 1987 |
| 1703774 | DELTA SHUTTLE | July 28, 1992 |
| 1733703 | DELTA CENTER | November 17, 1992 |
| 1740294 | DELTA CENTER (WITH WIDGET LOGO) | December 15, 1992 |
| 2058985 | DELTA & 1960 AIRCRAFT DESIGN | May 6, 1997 |
| 2408003 | DELTA VACATIONS | November 28, 2000 |
| 2662451 | DELTA AIRELITE | December 17, 2002 |
| 2980826 | DELTA CONNECTION | August 2, 2005 |
| 3890727 | DELTA SKY CLUB | December 14, 2010 |
| 3994004 | DELTA ASSIST | July 12, 2011 |
| 0704103 | WIDGET LOGO | September 6, 1960 |
| 1143697 | WIDGET (OPEN) | December 16, 1980 |
| 2556013 | WIDGET LOGO | April 2, 2002 |

and it is further

**ORDERED** that Plaintiff's request for attorneys' fees and costs is **GRANTED** in an amount to be determined by the Court upon Plaintiff's motion in accordance with Local Rule 54.2; and it is further

**ORDERED** that Plaintiff's request for statutory damages under the Lanham Act is **DENIED** without prejudice; and it is further

**ORDERED** that Plaintiff may submit, no later than **April 30, 2018**, a revised motion for default judgment in accordance with the Opinion.

                                      */s Madeline Cox Arleo*
                                      **MADELINE COX ARLEO**
                                      **UNITED STATES DISTRICT JUDGE**